UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOELMA COSAVALENTE,<br><br>                          Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>                          Defendant. | Case No.:  25-cv-2382-WQH-MMP<br><br>**ORDER DENYING WITHOUT PREJUDICE THE JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>[ECF No. 14] |

The parties jointly move to amend the scheduling order, requesting the Court extend fact and expert discovery deadlines by sixty (60) days. ECF No. 14. Having considered the motion, and for the reasons stated below, the Court **DENIES** without prejudice the parties' request to amend the scheduling order.

On November 24, 2025, the Court entered a Scheduling Order Regulating Discovery and Other Pretrial Proceedings ("Scheduling Order"). ECF No. 11. In relevant part, the Court set a deadline of May 1, 2026 for the parties to complete fact discovery and designate their initial experts in writing, and July 24, 2026 to complete expert discovery. *Id.* ¶¶ 2, 3, 6.

On May 1, 2026, the day of the fact discovery and expert designation deadlines, the parties filed the instant motion. ECF No. 14. There are multiple issues with the motion.

First, the parties' motion is inaccurate. Multiple dates identified by the parties do not reflect the deadlines in the November 24, 2025 Scheduling Order—for example, expert disclosures are not until June 12 and 26, 2026 and expert discovery closes July 24, 2026, not July 7, 2026. ECF Nos. 11 ¶¶ 3–6; 14 at 2.

Second, the parties' motion is internally inconsistent regarding the relief sought. The parties "respectfully apply to this Court for an Order continuing the current fact and expert discovery deadlines." ECF No. 14 at 2. Yet, the requested amended dates include not only fact discovery, but also the Mandatory Settlement Conference and dispositive motion deadlines. *Id.* at 3. The parties do not explain whether they also seek to continue these dates; and if so, why the current deadlines cannot be met. Further, the requested amended dates stem from the inaccurate dates described above, so if granted, would result in inconsistent extensions: an eighteen-day continuance of the initial and rebuttal expert disclosure deadlines and a forty-five-day extension of the expert discovery cutoff. It is unclear if the parties' inaccuracies and inconsistencies are due to a misreading of the Court's Order or haste. Either explanation is unsatisfactory.

Third, the motion does not satisfy the undersigned's Civil Chambers Rules IX. Amending the Scheduling Order. There is no "declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set forth in the Scheduling Order and the specific reasons why deadlines cannot be met." Civil Chambers Rules IX(B)(5). Nor is there a "statement of whether the request is timely." *Id.* at (B)(2). Indeed, the motion is untimely:

> Any request to amend the Scheduling Order or to continue or reschedule any date, deadline, or court proceeding should be filed no fewer than seven calendar days in advance of the dates and deadlines at issue. Any motion filed fewer than seven calendar days in advance of the dates and deadlines at issue must address excusable neglect for the untimely request. Fed. R. Civ. P. 6(b)(1)(B).

*Id.* at (A).

Finally, the parties do not establish good cause or excusable neglect to warrant a continuation of the requested deadlines. *See* Fed. R. Civ. P. 16(b)(4); Rule 6(b)(1)(B). The parties seek the requested extension to "allow the parties to complete the necessary outstanding depositions, namely the depositions of percipient witnesses, Ford's remaining 30(b)(6) witness and expert depositions" and "to complete a vehicle inspection on the

subject vehicle." ECF No. 14 at 2. However, the parties provide no information in their joint motion as to their purported diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). At base, the parties provide no information regarding what efforts, if any, they have made to comply with fact discovery and expert designation deadlines. Nor do the parties provide any reason why the vehicle inspection or fact depositions were not conducted in the five (5) months that have passed since the Court issued the Scheduling Order. ECF Nos. 11; 14 at 2. It is also unclear on this record why the parties need additional time to conduct expert depositions and discovery, where expert discovery remains open until July 24, 2026. ECF No. 11 ¶ 6. Therefore, the Court cannot conclude the parties have been diligent on this record.

In sum, the parties fail to establish good cause or excusable neglect. Furthermore, the parties fail to satisfy the undersigned's Civil Chambers Rules. For the foregoing reasons, the Court **DENIES** without prejudice the joint motion. In the event the parties wish to file a renewed motion to amend the scheduling order for the Court's consideration, they must comply with the Federal Rules and the undersigned's Chambers Rules.

**IT IS SO ORDERED.**

Dated: May 4, 2026

_____
HON. MICHELLE M. PETTIT
United States Magistrate Judge

3

25-cv-2382-WQH-MMP